## CROSS *vs.* PAYNE.

An injunction will be refused on the coming in of the answer, if the equities are fully denied.

In Equity, in Dade Superior Court. Decision by Judge WALKER, at the May Term, 1860.

Joel Cross prepared his bill in equity in due form, the principal allegations of which are as follows, to wit:

On the 10th of December, 1859, the complainant bought a negro boy, by the name of Wash, from one Larkin Payne, which negro boy the defendant, Larkin Payne, represented to be a sound, healthy and able-bodied negro, capable of doing good work and service as such; but that as the negro had had a short spell of sickness, he preferred not to give a written warranty of soundness in the bill of sale; that complainant, confiding in such representations of soundness made by said Payne, together with the assurance that said negro had not been ruptured, and was free from *hernia,* or other disease, accepted a bill of sale of said negro, without any clause warranting said negro sound; that he was induced

Cross vs. Payne.

to accept such bill of sale on account of his confidence in said Payne, and because he believed that his said representations and assurances were true; that complainant gave to said Payne his note, due the 25th of December, 1859, for twelve hundred dollars, which was the purchase price of said negro, as agreed on by complainant and the said Payne; that for the purpose of securing the said Payne against loss, on account of a failure of complainant to pay said note punctually, the complainant gave to said Payne another note, for fifty dollars, also payable on the 25th of December, with the distinct understanding and agreement, that if the first note was punctually paid, the fifty dollar note was to be void and delivered up to the complainant; that for the purpose of making said Payne easy, and perfectly secure as to the final payment of the said purchase price of said negro, the complainant also proposed and agreed to give to the said Larkin Payne, a lien upon a negro boy belonging to the complainant, by the name of Allen, and suggested that some words creating such lien be put in the twelve hundred dollar note; that said Payne objected to putting such lien in the note, but said that he would prefer it to be written on a separate piece of paper, and would get Mr. Allison to write it; that complainant nor Payne understood such lien to be a mortgage, subject to the summary mode of foreclosure provided by the statutes of Georgia, but was simply intended as a lien to be enforced in the event of a failure to pay said note, and which would take precedence of any other subsequent lien on said negro, Allen; that complainant verbally authorized Hugh L. W. Allison to sign his name to such lien; that Payne went away, and in violation of the understanding and agreement aforesaid, and for the purpose of defrauding complainant, and getting an undue and illegal advantage, had a regular and formal mortgage drawn up, conveying said negro, Allen, to secure the payment, not only of the twelve hundred dollar note, but also of the fifty dollar note; that complainant bought said negro boy, Wash, for the purpose of selling him again, which the said Payne knew at the time of the purchase, and that such re-sale was complainant's intended and expected means of paying said twelve hundred dollar note, when the same became due, of which the said Payne was aware at the time; that the complainant sent said negro, Wash, off for sale, and spent about

one hundred dollars for his board, clothing, etc., and failed to sell him, because he was ruptured, and had *hernia,* and other diseases, and was not an able-bodied negro capable of doing good work and service as such; that said negro, Wash, was thus diseased at the time complainant bought him, and that Payne knew it, and concealed it from complainant, and thus defrauded him in the trade; that the 3d of January, 1860, the said Payne foreclosed the mortgage, and a *fi. fa.* issuing from such foreclosure was levied on the negro boy, Allen, on the 6th of January, 1860.

The bill prays the answer of the defendant as to the facts, and also prays an injunction restraining the sale of the negro under the mortgage *fi. fa.,* and also for general relief.

When the bill was presented to Judge Walker for his sanction, in order to obtain the injunction prayed for, he granted a *rule nisi,* calling upon the defendant, Larkin Payne, to show cause why said injunction should not issue; and the defendant filed his answer to said bill, and presented the same as a cause why the said injunction should not issue.

The material points of the answer are as follows, to wit:

The defendant admits that he sold the negro boy, Wash, to complainant, at the time and price stated in the bill, and that the defendant gave his notes as stated; that defendant having bought land and bound himself to pay for it by the 25th of December, 1859, the fifty-dollar note was given to indemnify him for the trouble and expense he would have to incur in obtaining the amount from the Bank, in the event of a failure on the part of complainant to pay the twelve hundred dollars on the day the note therefor matured. The defendant denies any knowledge and concealment from complainant, of the fact that the negro boy was ruptured, or had *hernia,* or other disease, at the time of the trade. He also denies having represented said negro as sound and healthy, as the bill alleges; on the contrary, it was expressly agreed, and put in the bill of sale, that the complainant should take said negro at his own risk, as to soundness. The defendant also denies the allegations in the bill, as to the lien on the negro boy, Allen, and says that the distinct understanding and contract was, that a regular and formal mortgage was to be executed, and that Emanuel Mann was to sign complainant's name thereto, and that this was done in order to give defendant a summary mode of getting his

Cross vs. Payne.

money on both notes if the complainant failed to pay the twelve hundred dollars punctually.   Complainant failing to pay the twelve hundred dollars at the time stipulated, the defendant did proceed to foreclose the mortgage, and to have a *fi. fa.* issued, as alleged in the bill. · About the time the mortgage was being foreclosed defendant met with complainant, and, for the first time, informed defendant that the negro was ruptured, which defendant did not believe, and when, upon examination of the negro, he was found to be ruptured, the defendant, being then for the first time aware of it, proposed to complainant to cancel the trade and take the negro back and give him his notes and mortgage, which complainant refused to do, saying that he had bargained, or could sell said negro for fifteen hundred dollars.

Upon the showing made by the answer, Judge Walker refused the injunction, and this decision is complained of as error.

There was no appearance for the plaintiff in error.

CROOK, by J. A. GLENN, for the defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The equities of the bill, if it ever contained any, have been most fully denied by the answer, and we agree with the Court below, that the injuntcion should have been refused.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.